UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO HOLGUIN, SR.<br><br>   Plaintiff,<br><br>  v.<br><br>MARGARET MIMS, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-00494-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 9] |

  Plaintiff Ricardo Holguin, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012.  Local Rule 302.

  Now pending before the Court is Plaintiff's first amended complaint filed on January 23, 2014.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff who is currently confined at Wasco State Prison, brings this action against officials while he was housed at the Fresno County Jail. Plaintiff contends that nothing has been done concerning his chronic cirrhosis of the lever. Plaintiff supplied all his own medical records, but no tests were done until months after when blood tests were performed. Plaintiff continues to suffer from explosive diarrhea and continues to bleed internally. Plaintiff contends doctors have refused and neglected to fully acknowledge his chronic medical condition. As a result, he has suffered emotional and mental distress, anxiety attacks and chronic depression.

///
///
///

## III.

## DISCUSSION

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Inmates are entitled to medical care, and the Constitution is violated when jail officials act with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff fails to state a cognizable claim for relief. While the fact that Plaintiff may be suffering from a chronic illness involving the condition of his liver, Plaintiff fails to demonstrate that any of the named defendants acted with deliberate indifference to any serious medical need. Plaintiff was advised previously in the Court's initial screening order issued January 10, 2014, that in order to proceed with a section 1983 action, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. (ECF No. 8, at 3:4-6.)

Plaintiff's conclusory and vague allegation that doctors have refused and neglected to provide him adequate medical treatment, fails to state a constitutional violation. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Rede v. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In short, Plaintiff has not alleged sufficient facts showing personal acts or failure to act by any of the Defendants to give rise to any cognizable claim for relief under section 1983. As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678. The Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff's amended complaint again fails to state a cognizable claim against any of the Defendants. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, the amended complaint must be dismissed, with prejudice, for failure to state a cognizable claim for relief.

## IV.
## CONCLUSION AND ORDER

Plaintiff's amended complaint fails to set forth any facts linking the defendants named in the complaint to the violation of his rights. Lacey v. Maricopa County, 693 F.3d 896, 915-916 (9th Cir. 2012). Plaintiff was provided with the applicable legal standard and the opportunity to amend to state a claim; further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983 and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:  **April 7, 2014**

UNITED STATES MAGISTRATE JUDGE